J-S21040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                           :              PENNSYLVANIA
                           :
             v.                  :
                           :
                           :
JOSEPH ROBERT WHITE,         :
                           :
           Appellant       :          No. 1604 WDA 2019

Appeal from the PCRA Order Entered October 3, 2019
in the Court of Common Pleas of Warren County
Criminal Division at No(s):  CP-62-CR-0000048-2013

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:            **FILED JULY 21, 2020**

Joseph Robert White ("White") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On February 13, 2013, White was charged with one count each of involuntary deviate sexual intercourse with a child, aggravated indecent assault, indecent assault and incest,[1] based on a report that he had sexually abused his nine-year-old daughter.  On May 16, 2013, White pled guilty to aggravated indecent assault, and in exchange, the Commonwealth agreed to *nolle prosse* the remaining charges.  The trial court subsequently ordered White to undergo an assessment by the Sexual Offenders Assessment Board

---

[1] 18 Pa.C.S.A. §§ 3123(b), 3125(a)(7), 3126(a)(7), 4302.

("SOAB") prior to sentencing. The Commonwealth also filed a Notice of its intention to seek mandatory sentencing.

On July 18, 2013, White filed a Motion to Withdraw his guilty plea, asserting his innocence. The trial court granted White's Motion to Withdraw on July 22, 2013.

On July 26, 2013, White filed an Omnibus Pretrial Motion, including, *inter alia*, a Motion to Suppress the statements he made to police officers during his interrogation. In the Motion to Suppress, White acknowledged that he had waived his **Miranda**[2] rights, but argued that the waiver was not knowing and intelligent, because he was suffering from severe mental illness and had not taken his medications for several weeks. Following a hearing, the trial court denied White's Motion to Suppress.

Following a jury trial, White was convicted of all charges. The trial court again ordered White to undergo an assessment by the SOAB. On December 9, 2013, the Commonwealth filed a Praecipe requesting a hearing to have White classified as a sexually violent predator ("SVP"). The trial court granted the Commonwealth's Praecipe and scheduled an SVP and sentencing hearing. On February 28, 2014, the trial court sentenced White to an aggregate term of 230 to 460 months in prison, plus a fine and the costs of prosecution. The trial court also directed White to undergo sex offender counseling and

---

[2] **See Miranda v. Arizona**, 384 U.S. 436 (1966).

treatment, and to have no contact with the victim. Additionally, the court designated White as an SVP. This Court affirmed White's judgment of sentence. **See Commonwealth v. Joseph R.W.**, 108 A.3d 108 (Pa. Super. 2014) (unpublished memorandum).

White filed a *pro se* PCRA Petition on October 1, 2015, claiming, *inter alia*, that counsel failed to file a petition for allowance of appeal in the Pennsylvania Supreme Court. On the same date, White filed a related Motion to reinstate his direct appeal rights, *nunc pro tunc*, and a Motion for PCRA Counsel. The PCRA court appointed White counsel, who filed an Amended PCRA Petition on his behalf. On March 14, 2016, following a hearing, the PCRA court reinstated White's direct appeal rights, *nunc pro tunc*. White subsequently filed a *nunc pro tunc* Petition for allowance of appeal, which our Supreme Court denied. **See Commonwealth v. J.R.W.**, 162 A.3d 1111 (Pa. 2016).

On October 4, 2017, White, *pro se*, filed the instant, timely PCRA Petition, raising four challenges to trial counsel's effectiveness. The PCRA court appointed White PCRA counsel, who filed a Motion to Withdraw as Counsel and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). By an Order entered on April 3, 2018, the PCRA court granted PCRA counsel leave to withdraw, and notified White of its intent to dismiss his Petition pursuant to Pa.R.Crim.P. 907. In response, White filed a

*pro se* Motion to Vacate Pa.R.Crim.P. 907 Order, claiming that he had never received a copy of PCRA counsel's ***Turner***/***Finley*** letter. On April 30, 2018, the PCRA court entered an Order granting White an additional 20 days to respond to its Rule 907 Notice, and attaching thereto a copy of the ***Turner***/***Finley*** letter. On the same date, White filed an "Objection to this Court's Motion to Dismiss in Accordance with Pa.R.[Crim.]P. 907 and Motion for Change of Appointed PCRA Counsel." The PCRA court subsequently issued an Order, indicating that it no longer intended to dismiss White's Petition, and appointing new PCRA counsel.

On December 5, 2018, PCRA counsel filed a Motion to Withdraw as Counsel and for Replacement Counsel and Counsel Fees. The PCRA court permitted counsel to withdraw, and appointed new PCRA counsel, who filed an Amended PCRA Petition on White's behalf. The PCRA court conducted a hearing on October 3, 2019, after which it denied White's Petition. White filed a timely Notice of Appeal and a court-ordered Pa.R.A.P 1925(b) Concise Statement of errors complained of on appeal.

On appeal, White raises the following issues for our review:

1) Was [White's] trial counsel ineffective for filing a Motion to Withdraw guilty plea[,] where counsel did not believe the Motion was in [White's] best interest[?]

2) Was [White's] trial counsel ineffective for filing a Motion to Withdraw guilty plea where no legally sustainable ground for the Motion existed[?]

3) Did the trial court deny [White] equal protection in granting a baseless Motion to Withdraw guilty plea without a substantive proceeding to consider the merits[?]

Brief for Appellant at 16.

> Our standard of review of a PCRA court's denial of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

White's first two claims challenge the effectiveness of his trial counsel.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petition pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Id.*

We will address White's first two claims together, as they are related. In his first claim, White argues that his plea counsel was ineffective for filing the Motion to Withdraw his guilty plea, because counsel did not believe that withdrawing the plea was in White's best interest. Brief for Appellant at 21. According to White, counsel's actions are not excused by the fact that White insisted upon filing the Motion to Withdraw. *Id.* White avers that plea

counsel's actions were "monumentally ineffective, leading [White] from one (1) felony conviction and a likely sentence of sixty (60) to one-hundred twenty (120) months to three (3) felony convictions, a misdemeanor conviction and an aggregate sentence of two-hundred thirty (230) months to four-hundred sixty (460) months." *Id.* at 22.

In his second claim, White contends that plea counsel was ineffective for filing the Motion to Withdraw his guilty plea, because there was no legal basis upon which to file the Motion. *Id.* at 22. White asserts that the Motion to Withdraw only alleged that White was innocent, and points to case law filed *after* the entry of his guilty plea, which stands for the proposition that a bald allegation of innocence is insufficient to support withdrawal of a plea. *Id.* at 22-23. White acknowledges that counsel cannot be held to a "prescient understanding" of such cases, but claims that plea counsel displayed a "failure to comprehend any viable or comprehensive strategic analysis of [White's] case." *Id.* at 23.

White has failed to adequately develop these claims for review. In his first claim, White cites to no case law or other relevant legal authority in support of his contention; in his second, he cites primarily to a single case,

which, he acknowledges, is not applicable.[3]  **See** Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); **see also Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); **Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014) (concluding that appellant waived his claim by failing to adequately develop his argument or provide citation to and discussion of relevant authority).  Further, White fails to address his claims within the three prongs of the test for ineffective assistance of counsel.  **See Commonwealth v. Williams**, 899 A.2d 1060, 1063 (Pa. 2006) (stating that "[f]ailure to address any prong of the [ineffectiveness] test will defeat an ineffectiveness claim."); **see also Franklin**, **supra**.  Accordingly, White's first two claims fail.

_____

[3] In support of his claim, White cites **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1285, 1292 (Pa. 2015) (holding that "a bare assertion of innocence is not, in and of itself, a sufficient reason" to require a court to grant a presentence motion to withdraw a guilty plea, and explaining that the "innocence claim must be at least plausible to demonstrate … a fair and just reason for presentence withdrawal of a plea.").  However, White sought withdrawal of his guilty plea before the **Carrasquillo** Court's decision, and "counsel cannot be deemed ineffective for failing to predict changes and/or developments in the law." **Commonwealth v. Gribble**, 863 A.2d 455, 473 (Pa. 2004).  White's second claim otherwise includes no more than a bare assertion that his trial counsel should have applied the logic upon which the **Carrasquillo** Court would ultimately rely.

Moreover, we observe the following. At the guilty plea hearing, the trial court informed White that a conviction of aggravated assault carries a mandatory sentence of 5 years in prison, and a maximum sentence of 10 years in prison, in addition to a maximum fine of $25,000. N.T. (Guilty Plea), 5/16/13, at 13. The court also stated that a conviction of aggravated indecent assault requires lifetime registration, and the completion of an assessment by the SOAB prior to sentencing. *Id.* at 8-9, 15. Additionally, the trial court advised White concerning the maximum penalties for each of the remaining charges, which the Commonwealth would *nolle prose* under the plea agreement. *Id.* at 14-15. White acknowledged that he understood his rights, and that he was satisfied with the advice of his counsel. *Id.* at 11-12.

At the PCRA hearing, White's plea counsel testified that White had wanted to withdraw his guilty plea and proceed to trial. N.T. (PCRA), 10/3/19, at 8. Counsel stated that he "tried to talk [] White out of withdrawing the guilty plea." *Id.* at 9, 19; *see also id.* at 9-10 (explaining that counsel believed the Commonwealth's case against White was strong). Counsel also testified that "[t]here was enough merit to file the [M]otion [to Withdraw]" because White asserted his innocence. *Id.* at 22. According to plea counsel, he "always" explained to his clients the differences in the potential sentences they could face if they chose to proceed to trial. *Id.* at 20; *see also id.* at 23 (wherein counsel stated, "I would have discussed the benefits and the risks and what he could receive at sentencing if he was found guilty at trial.").

Further, White confirmed that he had asked counsel to file a Motion to Withdraw his guilty plea. *Id.* at 28-29. Accordingly, the record confirms that White was aware of the potential consequences of withdrawing his plea and proceeding to trial, as well as the potential sentences he would face if he was convicted of all charges. Thus, White's underlying claims lack merit.

In his third claim, White asserts that the trial court denied him equal protection by granting his Motion to Withdraw without holding a hearing. Brief for Appellant at 23. White claims that the trial court granted the Motion to Withdraw without a legal basis. *Id.* at 23-24.

Again, White has failed to cite to any relevant legal authority in support of his claim, or to adequately develop his argument for review. Thus, White's final claim is waived. *See* Pa.R.A.P. 2119(a); *Johnson*, *supra*; *Samuel*, *supra*. Moreover, Pa.R.Crim.P. 591(A) provides that "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty … and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). As the PCRA court acknowledged, "[n]owhere in the rule regarding withdrawal of pleas of guilty … does it state that the [c]ourt must hold an evidentiary proceeding on the motion of withdrawal." PCRA Court Opinion, 11/18/19, at 7.

Based upon the foregoing, we affirm the PCRA court's Order denying White's Petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/21/2020